## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 24-cr-121 (ECT/DLM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Toraus Marquis Eason, | |
| Defendant. | |

On May 7, 2024, Toraus Eason was charged in a three-count indictment with being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (Count 1); Possession with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 2); and Carrying a Firearm During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3). (*See generally* Doc. 14.) This matter is before the Court on Mr. Eason's Motion to Suppress Physical Evidence Seized Pursuant to a Warrant. (Doc. 26.) The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

The parties agreed to cancel the motion hearing scheduled for July 3, 2024, and requested that the Court decide the motion on the parties' written submissions. (Doc. 29.) The Court established a briefing schedule on the motion which concluded on July 19, 2024. For the reasons stated below, the Court recommends that Mr. Eason's Motion to Suppress Evidence Seized Pursuant to a Warrant (Doc. 26) be denied.

## BACKGROUND

On October 12, 2023, Minneapolis Police Officer Justin Young applied for and obtained a Pen Register Trap and Trace ("PRTT") Warrant to track the location of a cellphone with a number ending in 7943. The warrant affidavit's probable cause statement stated:

> Within the past 72 hours, your affiant spoke with a confidential reliable informant (CRI). Your affiant has been working with this CRI for approximately the past two years. Information provided by the CRI has been corroborated by your affiant and found to be true and correct. Information provided by the CRI has led to arrests of individuals for weapons and narcotics violations.
>
> Within the past 72 hours, the CRI told your affiant that they know of a male who goes by the street name "Kool Aid" that sells quantities of crack cocaine in Minneapolis. The CRI stated that they observed Kool Aid in possession of a firearm within the past 72 hours within Minneapolis, Hennepin County. The CRI provided a phone number of [XXX-XXX]-7943 for Kool Aid.
>
> The CRI stated that they have contacted Toraus Eason at phone number [XXX-XXX]-7943. Your Affiant checked databases commonly used by law enforcement and learned that AT&T/CINGULAR WIRELESS is the listed carrier for phone number [XXX-XXX]-7943 and Toraus Eason is the name associated with the number.
>
> Your affiant showed a picture of Toraus Marquis Eason (DOB [XX/XX]/1980) to the CRI and the CRI confirmed that Eason was the same person they know to be a crack cocaine dealer and in possession of a firearm within the past 72 hours.
>
> MNCIS shows that Toraus Marquis Eason (DOB [XX/XX]/1980) has two previous convictions for Fifth Degree Possession of a Controlled substance (27-CR-99-081181) and (27-CR-01-023611) and Prohibited Person In Possession of a Firearm (27-CR-10-CR-18513).
>
> Your affiant believes Toraus Eason is in control of and using phone number [XXX-XXX]-7943.

> At this time, affiant does not know Eason's current address and the CRI does not know where Eason lives.
>
> Your Affiant would like the Court's permission in authorizing Carrier to apply available location technology to the aforementioned number so that investigators may locate the phone and conduct surveillance and ultimately assist with the on-going investigation of **Felon in possession of a firearm, and controlled substance law violations** of Toraus Marquis Eason (DOB [XX/XX]/1980). Your Affiant believes that an E911 order will assist greatly with locating, surveillance, and the apprehension of Toraus Marquis Eason (DOB [XX/XX]/1980).

(Doc. 31 at 4.)

Relying on information gathered during the execution of the PRTT warrant, law enforcement sought and obtained a search warrant for Mr. Eason's person and vehicle ("person/vehicle warrant") on October 16, 2023. (*See generally* Doc. 30.) The affidavit stated in relevant part,

> Your affiant drafted a search warrant to track Toraus Eason's phone using GPS locations. The search warrant was reviewed and signed by the Honorable Judge Hughey on 10/12/2023. Affiant began receiving phone pings on the evening of 10/12/2023 and began to monitor the GPS locations provided.
>
> On 10/16/23, affiant noted that the GPS location for Eason's phone was pinging near Chicago Avenue South and Franklin Avenue East. At approximately 1023 hours, your affiant checked the Milestone camera at this location and observed a silver Chevrolet Malibu bearing Illinois license plate [XXXXXXX], parked on the street in front of [XXXX] Chicago Avenue South. Your affiant noted that the Malibu was occupied by a male in the driver's seat. . . .
>
> At approximately 1106 hours, the male in the driver's seat of the Malibu exited and your affiant was able to positively identify the male as being Toraus Eason. . . .
>
> Your affiant took a picture of the silver Chevrolet Malibu with Illinois plate [XXXXXXX] and showed it to the CRI and the CRI confirmed it was the same vehicle they knew Eason to drive.

3

(Doc. 30 at 2-3.)

Then on October 23, 2023, law enforcement located Mr. Eason and his vehicle using the location data obtained from the PRTT warrant. Law enforcement searched Mr. Eason and his vehicle pursuant to the October 16 person/vehicle warrant. During the search law enforcement discovered narcotics and two firearms in his vehicle, and then placed Mr. Eason under arrest.

Mr. Eason challenges the validity of both the PRTT and person/vehicle warrants. First, as to the PRTT warrant, Mr. Eason focuses his challenge on two aspects of the affidavit's probable cause statement. Mr. Eason argues that the PRTT warrant was unsupported by probable cause because (1) the affidavit did not establish the reliability of the CRI's tip, and (2) the affidavit did not establish a nexus between the target cellphone and Mr. Eason's alleged criminal activity.

As to the person/vehicle warrant, Mr. Eason contends that because the person/vehicle warrant depended on information gleaned from the faulty PRTT warrant, the person/vehicle warrant was not only "*per se* invalid" (Doc. 32 at 7), but so deficient that law enforcement could not have relied on the warrant in good faith. As a result, according to Mr. Eason, the evidence discovered on his person and in his vehicle during the October 23 search should be suppressed. The government counters that probable cause supported both warrants, but even if the warrants lacked probable cause, the *Leon* good-faith exception should spare the evidence from exclusion. The Court addresses the validity of both warrants below.

## ANALYSIS

The Fourth Amendment requires that "no [w]arrants shall issue, but upon probable cause, supported by [o]ath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before [them] . . . there is a fair probability that contraband or evidence of a crime will be found a in particular place." *United States v. Williams*, 477 F.3d 554, 557 (8th Cir. 2007) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). "[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Gates*, 462 U.S. at 232. Courts should read affidavits with "common sense and 'not in a . . . hyper technical fashion.'" *United States v. Caswell*, 436 F.3d 894, 897 (8th Cir. 2006) (quoting *Walden v. Carmack*, 156 F.3d 861, 870 (8th Cir. 1998)). Courts may only consider the information found within the four corners of the affidavit in determining whether probable cause for the warrant exists. *United States v. Hussein*, No. 20-cr-75 (ADM/BRT), 2020 WL 7685372, at *2 (D. Minn. Oct. 21, 2020), *R. & R. adopted*, 2020 WL 7310899 (D. Minn. Dec. 11, 2020).

Once a warrant has issued, courts reviewing the warrant after the fact accord "great deference to the issuing judge's determination that [the] affidavit established probable cause." *United States v. Keele*, 589 F.3d 940, 943 (8th Cir. 2009) (quoting *United States v. Smith*, 581 F.3d 692, 694 (8th Cir. 2009)). Accordingly, the reviewing judge does not examine the warrant to determine whether the issuing judge "was presented with probable

5

cause," instead, reviewing courts, such as this one, "need only ensure that the issuing official had a substantial basis to conclude that probable cause existed." *United States v. Anderson,* 933 F.2d 612, 614 (8th Cir. 1991).

## I.   THE PRTT WARRANT.

### A.   The warrant affidavit established the confidential informant's reliability.

The Court looks first to the PRTT warrant for the cellphone number ending in 7943. First, Mr. Eason contends that the affidavit failed to establish the reliability of the confidential informant's tip on which law enforcement relied to obtain the PRTT warrant. According to Mr. Eason, although the affiant stated that he had worked with the informant for the past two years and the informant's tips had led to arrests in the past, these "mere assertions concerning past cases alone" could not establish the informant's reliability. (Doc 32 at 4-5.) Thus, in Mr. Eason's estimation, this unreliable tip could not support probable cause to issue the warrant. The government counters that the affiant's attestations about the informant's track record alone were enough to establish the informant's reliability, and the informant's reliability in turns supports probable cause for the warrant.

An issuing judge "considers the informant's reliability and the basis of [their] knowledge," where, as here, a CRI's tip supports a warrant affidavit. *United States v. Lucca*, 377 F.3d 927, 933 (8th Cir. 2004) (citing *Gates*, 462 U.S. at 233). An informant's tip can establish probable cause if the informant has provided reliable information in the past or if law enforcement corroborates the tip with other evidence. *See United States v. Gabrio*, 295 F.3d 880, 883 (8th Cir. 2002). But under the totality of the circumstances analysis, a warrant may still issue even if only one of these factors is present. *See Lucca*,

6

377 F.3d at 933. Here, the affiant's statement that he had worked with the CRI "for approximately the past two years" and that the CRI had provided information in the past that "led to arrests of individuals for weapons and narcotics violations," (Doc. 31 at 4), established the CRI's track record of providing reliable information and was alone "sufficient to show [the CRI's] reliability," *see Gabrio*, 295 F.3d at 883.

But the affidavit makes clear that the issuing judge had more than just the affiant's "mere assertions" from which to infer the CRI's reliability. The affidavit also states that "[t]he CRI stated that they observed Kool Aid [later identified as Mr. Eason] in possession of a firearm within the past 72 hours" and law enforcement independently corroborated "that AT&T/CINGULAR WIRELESS is the listed carrier for phone number [XXX-XXX]-7943 and Toraus Eason is the name associated with the number." (Doc. 31 at 4.) Both the CRI's recent personal observation of Mr. Eason in possession of a firearm, and law enforcement's independent corroboration of the CRI's tip regarding Mr. Eason's association with the target phone bolster the reliability of the CRI's tip. *See United States v. Williams,* 10 F.3d 590, 594 (8th Cir. 1993). The Court therefore finds, based on these facts, the PRTT warrant affidavit sufficiently established the reliability of the CRI's information to support a substantial basis for the issuing judge's finding of probable cause for the PRTT warrant.

**B.      The warrant affidavit established a sufficient nexus between the target cellphone and criminal activity.**

Mr. Eason next argues that the affidavit failed to establish a nexus between the target phone and evidence of criminal activity. In determining whether a nexus exists, courts

7

consider "the nature of the crime and the reasonable, logical likelihood of finding useful evidence." *United States v. Johnson*, 848 F.3d 872, 878 (8th Cir. 2017) (*United States v. Colbert*, 828 F.3d 718, 726 (8th Cir. 2016)). The determination of probable cause is based on "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before [the court] . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Markwald,* No. 21-cr-21 (ECT/BRT), 2021 WL 6808303, at *11 (D. Minn. Nov. 4, 2021) (citing *Gates*, 462 U.S. at 238), *R. &R. adopted*, 2022 WL 43306 (D. Minn. Jan. 5, 2022). There must be a "nexus between the evidence to be seized and the place to be searched, considering the nature of the crime and the reasonable, logical likelihood of finding useful evidence." *United States v. White*, No. 22-cr-207 (JRT/ECW), 2023 WL 5753678, at *18 (D. Minn. June 5, 2023) (quoting *United States v. Smith*, 21 F.4th 510, 515 (8th Cir. 2021) (further citation omitted), *R. & R. adopted*, 2023 WL 5558838 (D. Minn. Aug. 29, 2023), *reconsideration denied,* 2024 WL 1976704 (D. Minn. May 3, 2024). "However, judges are permitted to draw reasonable inferences from the totality of the circumstances when making the probable cause determination." *United States v. Santos-Hunter,* No. 23-CR-310 (DWF/DJF), 2024 WL 2892862, at *5 (D. Minn. Mar. 6, 2024) (quoting *United States v. Tellez*, 217 F.3d 547, 550 (8th Cir. 2000)) (cleaned up), *R. & R. adopted,* 2024 WL 1928711 (D. Minn. May 2, 2024).

In *United States v. Santos-Hunter*, the court upheld a PRTT warrant to track the location of Mr. Santos-Hunter's phone where the information in the warrant affidavit gave rise "to the inference that [a suspect] may carry his phone with him while engaged in

8

suspected criminal activity." No. 23-cr-310(1) (DWF/DJF), 2024 WL 1928711, at *2 (D. Minn. May 2, 2024). The Court found that affidavit in that case established probable cause to believe that Mr. Santos-Hunter was involved in criminal activity and was using the target phone number. *Id.*

Likewise here, law enforcement sought the PRTT warrant not to examine the target phone's contents, but to determine and track the phone's—and thus Mr. Eason's—location. Toward that end, the affidavit stated that the CRI had recently personally observed Mr. Eason in possession of a firearm and "contacted [Mr.] Eason at phone number [XXX-XXX]-7943." (Doc. 31 at 4.) Law enforcement then independently corroborated that Mr. Eason's name was associated with the target phone number and determined that Mr. Eason "has two previous felony convictions for Fifth Degree Possession of a Controlled substance (27-CR-99-081181) and (27-CR-01-023611) and Prohibited Person In Possession of a Firearm (27-CR-10-CR-18513)." (*Id.*) Finally, the affiant stated that he "believes [Mr.] Eason is in control of and using phone number [XXX-XXX]-7943." *Id.* The affidavit stated that the affiant sought the search warrant because he did "not know [Mr.] Eason's current address" and wanted to

> apply available location technology to the aforementioned number so that investigators may locate the phone and conduct surveillance and ultimately assist with the on-going investigation of **Felon in possession of a firearm, and controlled substance law violations** of Toraus Marquis Eason (DOB [XX/XX]/1980). Your Affiant believes that an E911 order will assist greatly with locating, surveillance, and the apprehension of Toraus Marquis Eason (DOB [XX/XX]/1980).

(Doc. 31 at 4) (emphasis in original).

9

The Court finds that the information provided in the affidavit provides a substantial basis to give rise to the inference that Mr. Eason may carry the target phone with him while engaged in suspected criminal activity — possessing a firearm when prohibited from doing so. *See United States v. Brackett*, 846 F.3d 987, 992 (8th Cir. 2017) ("[A]n issuing judge may draw reasonable inferences from the totality of the circumstances in determining whether probable cause exists to issue a warrant.") As a result, the Court finds that the affidavit established a sufficient nexus between the target phone and Mr. Eason's alleged criminal activity.

The Court therefore finds that a substantial basis existed for the issuing judge to find probable cause for the PRTT warrant.

## II.   THE WARRANT TO SEARCH MR. EASON'S PERSON AND VEHICLE.

The Court next turns to the warrant to search Mr. Eason and his vehicle. Mr. Eason does not attack the substance of the person/vehicle warrant except to assert that "[i]f the Court concludes that the [PRTT] warrant is invalid then, the subsequent warrant obtained by law enforcement is *per se* invalid." (Doc. 32 at 7) (italics in original). But other than the assertion that without the PRTT warrant, law enforcement would neither have determined Mr. Eason's location nor been able to surveil him and his vehicle, Mr. Eason does not attack the validity of the person/vehicle warrant itself. Instead, he simply argues that if the PRTT warrant lacks probable cause, law enforcement cannot rely on the information gleaned directly from it to support probable cause for the person/vehicle warrant without harvesting fruit from a poisonous tree. The government maintains that because the PRTT

warrant was supported by probable cause, there is no poisonous tree and therefore no constitutional deficiency within the person/vehicle warrant.

Because the Court finds there was probable cause for the PRTT warrant, law enforcement's reliance on information learned from the PRTT warrant to support probable cause for the person/vehicle warrant does not violate the fruit of the poisonous tree doctrine. As with the PRTT warrant, the Court finds that a substantial basis supports the issuing judge's finding of probable cause for the person/vehicle warrant.

### III.   GOOD FAITH.

While evidence seized under the authority of a defective warrant will generally be excluded, under the *Leon*[1] good-faith exception, "evidence seized pursuant to a search warrant that lacked probable cause is admissible if the executing officer's good-faith reliance on the warrant is objectively reasonable." *United States v. Perry*, 531 F.3d 662, 665 (8th Cir. 2008) (citing *United States v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007)). "The good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well-trained officer would have known that the search was illegal despite the issuing judge's authorization." *Proell*, 485 F.3d at 430 (quoting *United States v. Puckett*, 466 F.3d 626, 630 (8th Cir. 2006) (cleaned up)).

No evidence suggests that law enforcement's reliance on either warrant at issue was not in good faith or unreasonable. Accordingly, the Court concludes that the good-faith

---

[1] *United States v. Leon*, 468 U.S. 897 (1984).

exception would apply to both warrants, and the evidence discovered because of their execution should not be suppressed even if the warrants were unconstitutional.

## RECOMMENDATION

Accordingly, based on all the files, records, and proceedings in this case, **IT IS RECOMMENDED** that Mr. Eason's Motion to Suppress Physical Evidence Seized Pursuant to a Warrant (Doc. 26) be **DENIED**.

Date: August 16, 2024                           *s/Douglas L. Micko*
                                                DOUGLAS L. MICKO
                                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).