UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

    Plaintiff,

v.

Toraus Marquis Eason,

    Defendant.

File No. 24-cr-121-1 (ECT/DLM)

**ORDER ACCEPTING REPORT AND RECOMMENDATION**

---

Magistrate Judge Douglas L. Micko has issued a Report and Recommendation [ECF No. 35] ("R&R") concerning a suppression motion filed by Defendant Toraus Marquis Eason [ECF No. 26]. Mr. Eason objects to Magistrate Judge Micko's recommendation. ECF No. 38. Because Mr. Eason has objected, the R&R will be reviewed *de novo* pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). Mr. Eason's objections will be overruled, and Magistrate Judge Micko's recommendations will be accepted. This order presumes familiarity with the R&R.

I

On October 12, 2023, Minneapolis Police Officer Justin Young obtained a warrant authorizing use of a pen register and trap and trace device and the disclosure of "real-time Global Positioning System (GPS)/Precise Location information [and] cell-site location information" to track the location of Mr. Eason's cellphone. ECF No. 31 at 12, 19.[1] The

---

[1]     Page cites are to ECF pagination appearing in a document's upper right corner, not to a document's original pagination.

affidavit Officer Young filed in support of his warrant request provided information obtained from a confidential reliable informant ("CRI"). *See id.* at 4.

Based on surveillance of Mr. Eason conducted under the October 12 warrant, another search warrant was signed on October 16, 2023, authorizing the search of Mr. Eason's person and his vehicle. ECF No. 30 at 2, 6, 8. On October 23, 2023, using the information acquired by the October 12 warrant, officers located Mr. Eason. Gov't's Mem. in Opp'n [ECF No. 33] at 4. The officers subsequently searched Mr. Eason and his vehicle as authorized by the October 16 warrant and found a variety of illegal substances, cash, and two firearms. *Id.*

II

Mr. Eason objects to Magistrate Judge Micko's determination that there was probable cause to issue the October 12 warrant. The Constitution requires that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. "Probable cause means a fair probability that contraband or evidence of a crime will be found in a particular place, given the circumstances set forth in the affidavit." *United States v. Colbert*, 605 F.3d 573, 576 (8th Cir. 2010) (quoting *United States v. Lemon*, 590 F.3d 612, 614 (8th Cir. 2010)). "Probable cause is a fluid concept that focuses on 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" *Id.* (quoting *Illinois v. Gates*, 462 U.S. 213, 231 (1983). The probable cause determination requires applying a totality of circumstances test, *United States v. Hager*, 710 F.3d 830, 836 (8th Cir. 2013), as well as conducting "a commonsense analysis of the facts available to the judicial officer who

2

issued the warrant." *Colbert*, 605 F.3d at 576. The issuing magistrate's determination of probable cause must be afforded "great deference," *United States v. Lucca*, 377 F.3d 927, 933 (8th Cir. 2004), and should be affirmed so long as there was a "substantial basis for concluding that probable cause existed." *United States v. Garcia-Hernandez*, 682 F.3d 767, 771 (8th Cir. 2012) (quotation omitted).

Mr. Eason first argues the affidavit did not provide sufficient information to establish the CRI's reliability, veracity, and basis of knowledge. Def.'s Objs. to R&R [ECF No. 38] at 4–7. Whether CRI-supplied information provides probable cause requires the issuing magistrate to assess the CRI's reliability and the basis of their knowledge. *Lucca*, 377 F.3d at 933 (citing *Gates*, 462 U.S. at 233). However, both the CRI's reliability and the basis of their knowledge need not be evident in the warrant application. *Id.* "Instead, a strong showing of one may compensate for a deficiency in the other." *Id.* Further, CRI-supplied information is "sufficiently reliable if it is corroborated by other evidence, or if the informant has a history of providing reliable information." *Id.*. In fact, "[e]ven the corroboration of minor, innocent details can suffice to establish probable cause." *United States v. Tyler*, 238 F.3d 1036, 1039 (8th Cir. 2001) (internal quotation omitted).

In *United States v. Gabrio*, the Eighth Circuit found a CRI was sufficiently reliable where the informant had given the affiant reliable information in the past, the informant's information was based on first-hand observations, the informant communicated the tip in person, and the defendant had a felony record, which enhanced the tip's credibility. 295 F.3d 880, 883 (8th Cir. 2002).

3

This situation is a lot like *Gabrio*. The affidavit asserts Officer Young has "been working with [the] CRI for approximately the past two years," and the "information provided by the CRI has led to arrests of individuals for weapons and narcotics violations," which establishes the CRI's track record of reliability. ECF No. 31 at 4. The CRI stated they "observed Kool Aid[2] in possession of a firearm within the past 72 hours within Minneapolis, Hennepin County" and stated they "know of a male who goes by the street name 'Kool Aid' that sells quantities of crack cocaine in Minneapolis." *Id.* If these statements left something to be desired regarding the basis of the CRI's knowledge, additional indicia of reliability "compensate for [this] deficiency." *Lucca*, 377 F.3d at 933. Namely, the CRI provided a phone number for Mr. Eason, which Officer Young independently corroborated, and Officer Young found that Mr. Eason has three prior convictions—two for Fifth Degree Possession of a Controlled Substance, and one for Prohibited Person in Possession of a Firearm—which add credence to the CRI's information. *See* ECF No. 31 at 4. In sum, there was a substantial basis for determining the CRI's information supported a finding of probable cause.

Mr. Eason also objects to Magistrate Judge Micko's determination that there was a sufficient nexus between the tracked cell phone and criminal activity. An application for a search warrant must show "evidence of a nexus between the contraband and the place to be searched." *United States v. Johnson*, 848 F.3d 872, 878 (8th Cir. 2017) (quoting *United States v. Colbert*, 828 F.3d 718, 726 (8th Cir. 2016)). "Factors to consider in determining

---

[2]   The CRI identified Mr. Eason as the man who goes by the name "Kool Aid." ECF No. 31 at 4.

4

if a nexus exists include 'the nature of the crime and the reasonable, logical likelihood of finding useful evidence.'" *Id.* (quoting *Colbert*, 828 F.3d at 726). "[A]n issuing judge [may] draw reasonable inferences from the totality of the circumstances in determining whether probable cause exists to issue a warrant." *United States v. Brackett*, 846 F.3d 987, 992 (8th Cir. 2017) (internal quotation omitted). Courts have found that where there is "probable cause to believe that [a defendant] was committing, has committed, or is about to commit a crime, and that there was fair probability evidence of the crime . . . would be found through tracking [the defendant's] cell phones for location information" there was probable cause to issue a warrant. *United States v. Pickens*, No. 19-cr-314 (ADM/BRT), 2020 WL 7685457, at *5 (D. Minn. Oct. 21, 2020), *R. & R. adopted*, 2020 WL 7587075 (D. Minn. Dec. 22, 2020); *see also United States v. Boswell*, No. 19-cr-132-1 (ADM/LIB), 2019 WL 7580108, at *5 (D. Minn. Aug. 29, 2019), *R. & R. adopted*, 2019 WL 5061350 (D. Minn. Oct. 9, 2019) (finding a sufficient nexus between criminal activity and tracking defendant's phone where "[d]efendant's location through his cell phone would uncover evidence of a crime"); *United States v. Alarcon*, No. 15-cr-278-3 (DSD/JJK), 2016 WL 2844164, at *4 (D. Minn. Apr. 26, 2016), *R. & R. adopted*, 2016 WL 2733403 (D. Minn. May 10, 2016) (finding where the "affidavit provides a connection between criminal activity in Minnesota, the transportation of drugs . . . , the movements of [the defendant's] vehicle in conformity with known . . . drug transporting practices" there was a substantial basis to decide probable cause existed to issue a search warrant to track defendant's phone).

Here, Magistrate Judge Micko correctly found there was a sufficient nexus between the cell phone and suspected criminal activity. Mr. Eason had been seen "in possession of

5

a firearm within the past 72 hours" by the CRI.  ECF No. 31 at 4.  The CRI provided the phone number for the target cell phone, stating "they have contacted Toraus Eason at [that] phone number," and Officer Young independently corroborated Mr. Eason's "name [was] associated with the number."  *Id.*  Officer Young then requested the cell phone location information to "assist" with "locating, surveill[ing], and . . . apprehend[ing]" Mr. Eason.  *Id.*  No doubt, locating Mr. Eason would be a clear first step in obtaining evidence that he was in possession of a firearm.  Without such location information, it would be difficult for law enforcement to know where to look to find the firearm.

Mr. Eason appears to misapprehend the purposes for which tracking information may be utilized, arguing there must be information suggesting Mr. Eason used the target phone "to distribute cocaine or to possess a firearm."  Def.'s Objs. to R&R at 7.  However, such a narrow view is unwarranted.  So long as Officer Young sought evidence of a crime, and supported the warrant with information giving rise to an inference that such evidence may be located by tracking Mr. Eason's cell phone, there was a sufficient nexus.  Here, for the reasons stated above, that requirement is met.  Therefore, there was a substantial basis upon which to find there was a nexus between the target cell phone and the suspected criminal activity.

Mr. Eason goes on to argue the good-faith exception to the exclusionary rule cannot apply because the warrant application did not provide a sufficient basis upon which to objectively believe there was probable cause Mr. Eason's phone contained evidence of the crime, or that tracking the phone would reveal such evidence.  *Id.* at 9–10.

For reasons previously discussed, this argument fails. "[T]he exclusionary rule does not apply when the police conduct a search in 'objectively reasonable reliance' on a warrant later held invalid." *Davis v. United States*, 564 U.S. 229, 238–39 (2011) (quoting *United States v. Leon*, 468 U.S. 897, 922 (1984)). The warrant in this case was not lacking in probable cause, and thus it was reasonable for officers to rely on it. *See Leon*, 468 U.S. at 921 ("In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient.").

Further "[a]lthough 'there must be evidence of a nexus between the contraband and the place to be searched before a warrant may properly issue,' . . . an officer executing a search warrant may rely in the permissibility of the issuing judge's inference that such a nexus exists when that inference has 'common sense appeal.'" *United States v. Perry*, 531 F.3d 662, 665 (8th Cir. 2008) (first quoting *United States v. Tellez*, 217 F.3d 547, 550 (8th Cir. 2000), then quoting *United States v. Carpenter*, 341 F.3d 666, 671–72 (8th Cir. 2003)). Even if the search warrant had been invalid, it would have been objectively reasonable for law enforcement to rely on it. Mr. Eason had been recently seen with a firearm by a reliable CRI, and the issuing judge could easily have made a commonsense inference that the location of Mr. Eason's phone would assist in locating the illicit firearm.

Mr. Eason also objects to Magistrate Judge Micko's determination that the October 16 warrant was not invalid. Def.'s Objs. to R&R at 8–9. Mr. Eason's sole contention regarding the October 16 warrant is that it would not have been issued but for the surveillance of Mr. Eason conducted under the October 12 warrant. *Id.* Thus, Mr. Eason's

7

argument goes, because the October 12 warrant was invalid, so too was the October 16 warrant, pursuant to the fruit of the poisonous tree doctrine. *Id.* Because there was probable cause to issue the October 12 warrant, the October 16 warrant was not invalid.

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. The Objections to the Report and Recommendation [ECF No. 38] are **OVERRULED**;

2. The Report and Recommendation [ECF No. 35] is **ACCEPTED** in full;

3. The Motion to Suppress Physical Evidence Seized Pursuant to a Warrant [ECF No. 26] is **DENIED**.

Dated:  October 15, 2024

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court